IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DISABLE RIGHTS IOWA, <br><br> Plaintiff, <br><br> v. <br><br> RABINER TREATMENT CENTER, <br><br><br><br> Defendant. | NO. 16 CV 3010 <br><br><br><br> COMPLAINT FOR INJUNCTIVE AND DECLARARTORY RELIEF |

COMES NOW Plaintiff Disability Rights Iowa ("DRI"), and for its Complaint against Defendant, Rabiner Treatment Center ("RTC"), hereby states to the Court as follows:

## I. PRELIMINARY STATEMENT

Disability Rights Iowa – the Congressionally-mandated protection and advocacy system for individuals with disabilities or mental illness in Iowa – initiated an investigation after receiving a report that a resident ("PF") at Rabiner Treatment Center had been provided and had witnessed other residents provided offered alcohol, tobacco, and controlled substances by a staff member. Also, this resident reported being slammed against the wall by a staff member. As part of its investigation into these allegations, DRI requested investigation reports and facility policies applicable to these allegations pursuant to its access authority under federal law. DRI

also sought access to the facility to interview residents, staff, and other witnesses regarding these allegations.

The Defendants refused to provide access to the requested records and interviews in violation of the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. § 10801 *et. seq.*, the implementing regulations, and 42 U.S.C. § 1983. DRI seeks declaratory and injunctive relief so that it may conduct a full investigation into the allegations made by the resident and pursue remedies to ensure that the rights of RTC residents are protected.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. § 1343. DRI's federal claims are made pursuant to 42 U.S.C. §§ 10801-10827 and 42 U.S.C. § 1983. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper under 28 U.S.C. § 1391(b) as all of the events and omissions complained of below occurred in this district.

## III. PARTIES

3. Plaintiff DRI is an independent, private non-profit corporation organized under the laws of the State of Iowa, and at all times relevant has been and is the statewide protection and advocacy agency designated by the Governor of the State of Iowa, pursuant to the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. 10801 *et seq.*

2

4. Defendant RTC is licensed as a Comprehensive Residential Treatment Facility in the State of Iowa.

5. Defendant RTC is located at 1762 Johnson Avenue, Fort Dodge, Iowa.

6. Defendant RTC is the custodian of records of residents of the facility, including information and individual records, obtained in the course of providing intake, assessment, evaluation, supportive and other services to residents with mental illness, including medical records, financial records, and reports prepared or received by a member of the staff of the facility or a program rendering care or treatment to the residents.

## IV. DRI'S AUTHORITY TO INVESTIGATE ABUSE AND NEGLECT

7. DRI has the authority under the PAIMI Act at 42 U.S.C. § 10805(a)(1) to:

(A) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred;

(B) pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the State.

8. Facilities, under the PAIMI Act regulations are defined to include "any public or private residential setting that provides overnight care accompanied by treatment services". 42 CFR § 51.2.

9. RTC is licensed in the State of Iowa as a Comprehensive Residential Treatment Facility.

10. According to Iowa law, a comprehensive residential treatment facility is a facility that "provides care and treatment for children who are unable to live in a family situation due to social, emotional, or physical disabilities and who require varying degrees of supervision as indicated in the individual treatment plan." IAC 441-115.2.

11. RTC is a facility under the PAIMI Act. 42 USC § 10802(3); 42 CFR § 51.2.

12. In order to carry out its authority to investigate abuse and neglect and pursue remedies on behalf of individuals with mental illness, DRI has the authority to access "reports prepared by an agency charged with investigating abuse and neglect, or injury occurring at a facility rendering care or treatment, or by or for the facility itself, that describe any or all of the following:

(i) Abuse, neglect, or injury occurring at the facility;

(ii) The steps taken to investigate the incidents;

(iii) Reports and records, including personnel records, prepared or maintained by the facility, in connection with such reports of incidents; or

(iv) Supporting information that was relied upon in creating a report, including all information and records used or reviewed in preparing reports of abuse, neglect or injury such as records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings." 42 U.S.C. § 10806(b)(3)(A); 42 C.F.R. § 51.41(c)(2).

13. DRI has the right to access "professional, performance, building or other safety standards, demographic and statistical information relating to the facility." 42 C.F.R. § 51.41(c)(5).

14. DRI has the authority to access facilities. This authority includes "the opportunity to interview any facility service recipient, employee, or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. Such access shall be afforded, upon request, by the P&A system when:

(i) An incident is reported or a complaint is made to the P&A system;

(ii) The P&A system determines there is probable cause to believe that an incident has or may have occurred; or

(iii) The P&A system determines that there is or may be imminent danger of serious abuse or neglect of an individual with mental illness." 42 C.F.R. § 51.42(b).

15. The PAIMI Act preempts state laws which restrict DRI's federal access authority. 42 U.S.C. § 10806(b)(2)(C).

## V. FACTUAL ALLEGATIONS

A. **The Allegations of Abuse/Neglect**

16. PF is a person with mental illness within the meaning of 42 U.S.C. §10802(4).

17. The mental health diagnosis for PF is noted on multiple RTC records including his 'Foster Group Care Treatment Plan'.

18. PF was a resident at the RTC from May 11, 2015 through September 1, 2015.

19. On or about July 14, 2015, it was reported to the Iowa Department of Human Services that PF reported that he had been provided and had witnessed other residents being provided alcohol, tobacco, and controlled substances by a staff member.

5

20. On or about July 17, 2015, it was reported to RTC staff by PF that he was slammed against a wall by another staff member at RTC.

**B. DRI's Attempt to Investigate the Abuse/Neglect Allegations**

21. On or about July 30, 2015, the allegations noted in #19 and #20 were reported to DRI.

22. Based on that report, DRI initiated an investigation into these allegations.

23. On October 30, 2015, DRI made a written request to RTC for documents related to the incident pursuant to the access authority under the PAIMI Act and implementing regulations.

24. DRI specifically requested any documentation regarding the allegations of abuse/neglect, any internal investigation documents, and facility policies.

25. DRI specifically requested access to RTC facility, the residents, and employees for the purpose of investigating the allegations of abuse/neglect.

26. On November 11, 2015, RTC refused to provide DRI the records and access stating that it was not clear that PF is an individual with mental illness and since PF was no longer living at RTC, there was no right of access under the PAIMI Act.

27. On December 14, 2015, DRI made a written statement of PF's diagnosis along with the specifics of the allegations to be investigated.

28. On December 23, 2015, RTC refused DRI access to the records and facility stating that PF is not an individual with mental illness, RTC is not a facility providing care or treatment for individuals with mental illness for purposes of PAIMI, and a complaint by itself is not sufficient justification for access to the requested records and access to the facility.

29. On January 8, 2016, DRI made a final written effort to receive the records and access to the facility by sending a four-page letter refuting the December 23, 2015 claims, with specificity, along with all the applicable statutory and case law providing for DRI's authority to access the requested records and the facility.

30. This letter included documentation of PF's diagnosis and documentation of the facility's mental health treatment services.

31. On January 15, 2016, RTC responded with a letter denying DRI the requested facility records and access to the facility stating that PF's status as a person with "significant mental illness or emotional impairment" has not been established.

32. To date, RTC has not provided DRI with the requested records or access to the facility.

33. As a result of the RTC's actions, DRI was and continues to be unable to fulfill its federal mandate to conduct a full investigation into the allegations of abuse/neglect.

## VI. CAUSES OF ACTION

### COUNT I—VIOLATION OF ACCESS TO RECORDS UNDER THE PAIMI ACT

34. DRI incorporates and re-alleges paragraphs 1 through 33, as if fully set forth herein.

35. DRI, as the designated Protection and Advocacy system in Iowa, has the right to access the records requested on October 30, 2015 pursuant to the PAIMI Act and implementing regulations. 42 U.S.C. §§ 10805(a)(4), 10806(b)(3)(A) and (B), 42 C.F.R. 51.41(a), (b) and (c)(2) and (5).

36. RTC's failure to provide these records violates DRI's rights under the PAIMI Act and implementing regulations. 42 U.S.C. §§ 10805 (a)(4), 10806(b)(3)(A) and (B), 42 C.F.R. 51.41(a), (b) and (c)(2) and (5).

37. DRI has no adequate remedy at law.

## COUNT II—VIOLATION OF ACCESS TO INTERVIEW WITNESSES UNDER THE PAIMI ACT

38. DRI incorporates and re-alleges paragraphs 1 through 37, as if fully set forth herein.

39. DRI, as the designated Protection and Advocacy system, has the right to conduct a full investigation of an incident of abuse or neglect, 42 U.S.C. § 10805 (a)(1)(A), including being provided with the "opportunity to interview any <u>facility service recipient, employee,</u> or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation." 42 C.F.R. § 51.42(b) (emphasis added).

40. RTC's failure to allow the opportunity to interview residents, staff, and other witness violates DRI's rights under the PAIMI Act and implementing regulations. 42 U.S.C. § 10805(a)(1)(A) and 42 C.F.R. 51.42(b).

41. DRI has no adequate remedy at law.

# VII. REQUESTS FOR RELIEF

WHEREFORE, DRI respectfully requests that this Court:

1. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that the Defendants' actions and failures to act violate the PAIMI Act by:

   i) Denying DRI access to the requested records in violation of 42 U.S.C. §§ 10805 and 10806; and

   ii) Preventing DRI from fully performing its statutory duty to investigate incidents of abuse and neglect of persons with mental illness in violation of PAIMI §§ 10801 to 10827.

2. Enter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring RTC to:

   a. provide DRI with the requested records;

   b. give DRI the opportunity to interview RTC residents, employees and other witnesses who reasonably may have information about the allegations of abuse/neglect;

3. Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the PAIMI Act; and

4. Order such other, further, or different relief as the Court deems equitable and just.

DATED this 10th day of February, 2016.

Respectfully submitted,

_____
Nathan D. Kirstein
DISABILITY RIGHTS IOWA
400 East Court Avenue, Suite 300
Des Moines, Iowa 50309
Telephone: (515) 278-2502
Fax: (515) 278-0539
Email: nkirstein@driowa.org
ATTORNEY FOR PLAINTIFF

**ORIGINAL FILED – NK/ECF**

**COPIES MAILED TO:**

Mr. Eric J. Eide
The Law Office of Eric J. Eide, P.L.C.
3 North 17th Street, Suite 2
Fort Dodge, IA 50501
ATTORNEY FOR DEFENDANT